UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:22-CR-19-1FL(4)
No. 4:22-CR-19-2FL(4)
No. 4:22-CR-19-3FL(4)
No. 4:22-CR-19-4FL(4)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| KESHAWN SQUIRE ) | |
| JACINTRE HOLLEY ) | |
| SHYHEIM WILLIAMS ) | |
| JASNIKA CRAIG ) | |

The Grand Jury charges that:

### Count One

Beginning in or around December 2020, and continuing until on or about July 31, 2021, within the Eastern District of North Carolina and elsewhere, KESHAWN SQUIRE, JACINTRE HOLLEY, SHYHEIM WILLIAMS, and JASNIKA CRAIG, the defendants herein, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, agree, and confederate with each other to commit offenses against the United States, that is, to knowingly and willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924.

## Object of the Conspiracy

The object of the conspiracy was for JACINTRE HOLLEY to obtain firearms in North Carolina that KESHAWN SQUIRE, SHYHEIM WILLIAMS, and JASNIKA CRAIG purchased on his behalf and for a fee and to transport and resell them for a profit in Connecticut.

## Manner and Means of the Conspiracy

1. KESHAWN SQUIRE purchased firearms for JACINTRE HOLLEY at Federal Firearms Licensees (FFL) in the Eastern District of North Carolina.

2. JASNIKA CRAIG also purchased firearms for JACINTRE HOLLEY at FFLs in the Eastern District of North Carolina

3. SHYHEIM WILLIAMS, who could not lawfully purchase or possess a firearm, directed and assisted JASNIKA CRAIG in her purchase of firearms.

4. KESHAWN SQUIRE, JASNIKA CRAIG, and SHYHEIM WILLIAMS contacted JACINTRE HOLLEY, a resident of Connecticut, by telephone and through Facebook to take orders for firearms and arrange transfer of the firearms they purchased.

5. JACINTRE HOLLEY traveled from Connecticut to the Eastern District of North Carolina to purchase the firearms from KESHAWN SQUIRE, JASNIKA CRAIG, and SHYHEIM WILLIAMS, paying $200 to $400 over sales price for each firearm.

6. JACINTRE HOLLEY transported the firearms to Connecticut and sold them to associates in Connecticut for approximately double the price he had paid, usually in cash but sometimes also in trade for cocaine.

## Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendants and others, known and unknown to the Grand Jury, did commit, among others, the following overt acts:

1. From in or about March 2021 to on or about July 8, 2021, KESHAWN SQUIRE conducted at least three transactions in which he sold JACINTRE HOLLEY multiple firearms.

2. On or about May 1, 2021, KESHAWN SQUIRE purchased a Taurus 856 .38 caliber pistol (s/n ABN376135) from Seaside Guns in Hampstead, North Carolina, which he transferred to JACINTRE HOLLEY.

3. On a date unknown, but between May 1, 2021, and July 31, 2021, JACINTRE HOLLEY sold the Taurus 856 .38 caliber pistol (s/n ABN376135) obtained from KESHAWN SQUIRE to an individual in New Haven, Connecticut.

4. On or about May 10, 2021, KESHAWN SQUIRE purchased a Taurus G2G 9mm pistol (s/n ACC685023) from Smokin' Barrel Gun and Ammo in Raleigh, North Carolina, which he transferred to JACINTRE HOLLEY.

5. On a date unknown, but between May 10, 2021, and May 16, 2021, JACINTRE HOLLEY sold the Taurus G2G 9mm pistol (s/n ACC685023) obtained from KESHAWN SQUIRE to an individual in New Haven, Connecticut.

6. On or about May 19, 2021, KESHAWN SQUIRE purchased a Taurus G2G 9mm pistol (s/n 1C029679) from Academy Sports in Apex, North Carolina, which he transferred to JACINTRE HOLLEY.

7. On a date unknown, but between May 19, 2021, and June 25, 2021, JACINTRE HOLLEY sold the Taurus G2G 9mm pistol (s/n 1C029679) obtained from KESHAWN SQUIRE to an individual in New Haven, Connecticut.

8. From in or about December 2020 through on or about July 8, 2021, JASNIKA CRAIG conducted transactions approximately every two weeks in which she sold JACINTRE HOLLEY an average of approximately seven firearms each time.

9. On April 29, 2021, JASNIKA CRAIG visited Mackey's Landing Marina in Jamesville, North Carolina, and purchased a Glock Model 27 .40 caliber pistol (s/n BTFA181), which she transferred to JACINTRE HOLLEY.

10. On May 1, 2021, JASNIKA CRAIG visited Davenport Jewelry & Pawn in Williamston, North Carolina, and purchased a Taurus Model 856 .38 caliber revolver (s/n ACB548788), which she transferred to JACINTRE HOLLEY.

11. On a date unknown, but between May 1, 2021, and May 6, 2021, JACINTRE HOLLEY sold the Taurus Model 856 .38 caliber revolver (s/n ACB548788) obtained from JASNIKA CRAIG to an individual in New Haven, Connecticut.

12. On May 11, 2021, JASNIKA CRAIG and SHYHEIM WILLIAMS visited Academy Sports in Greenville, North Carolina, and purchased two pistols. JASNIKA CRAIG completed ATF Form 4473, and SHYHEIM WILLIAMS paid in cash.

13. On May 14, 2021, JASNIKA CRAIG and SHYHEIM WILLIAMS visited Academy Sports in Greenville, North Carolina, and purchased two pistols.

SHYHEIM WILLIAMS entered the store and chose the pistols; then JASNIKA CRAIG entered and completed the purchase.

14. On July 31, 2021, at a Quality Inn in Greenville, North Carolina, JACINTRE HOLLEY possessed the Glock Model 27 .40 caliber pistol (s/n BTFA181) obtained from JASNIKA CRAIG intending to sell and transfer it to an individual in Connecticut.

All in violation of Title 18, United States Code, Section 371.

## Count Two

Beginning in or around December 2020, and continuing until on or about July 8, 2021, within the Eastern District of North Carolina, and elsewhere, KESHAWN SQUIRE, JACINTRE HOLLEY, SHYHEIM WILLIAMS, and JASNIKA CRAIG, the defendants herein, aiding and abetting one another, willfully engaged in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 924, and 2.

## Counts Three Through Seven

On or about the dates hereinafter set forth, within the Eastern District of North Carolina, KESHAWN SQUIRE, in connection with the acquisition of firearms from licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made false and fictitious statements, oral and written, to the licensed firearm dealers, which statements were intended and likely to deceive the licensed firearm dealers as to a fact material to the lawfulness of such sale of the

firearms to the defendant under Chapter 44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual transferee or buyer of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the actual transferee or buyer of the firearms. The allegations in this paragraph are repeated and re-alleged in each of the following Counts Three through Seven of this Indictment, as though fully set fourth therein:

| Count | On or About | Licensed Firearms Dealer | Firearm(s) |
| --- | --- | --- | --- |
| Three | March 19, 2021 | Academy Sports, Apex, NC | Smith & Wesson M&P 9 Shield 9mm pistol |
| Four | April 1, 2021 | Academy Sports, Apex, NC | Glock G48 9x19 Pistol |
| Five | May 1, 2021 | Seaside Guns, Hampstead, NC | Two Taurus 856 .38 caliber revolvers |
| Six | May 10, 2021 | Smokin' Barrell Gun and Ammo, Raleigh, NC | Taurus G2G 9mm pistol |
| Seven | May 19, 2021 | Academy Sports, Apex, NC | Taurus G2G 9mm pistol and Taurus 856 .38 special revolver |

Each of the above counts constituting a separate violation of Title 18, United States Code, Sections 922(a)(6) and 924.

## Counts Eight Through Thirteen

On or about the dates hereinafter set forth, within the Eastern District of North Carolina, JASNIKA CRAIG, in connection with the acquisition of firearms from licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made false and fictitious statements, oral and written, to the

licensed firearm dealers, which statements were intended and likely to deceive the licensed firearm dealers as to a fact material to the lawfulness of such sale of the firearms to the defendant under Chapter 44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that she was the actual transferee or buyer of the firearms indicated on the Form 4473, when in fact as the defendant then knew, she was not the actual transferee or buyer of the firearms. The allegations in this paragraph are repeated and re-alleged in each of the following Counts Eight through Thirteen of this Indictment, as though fully set fourth therein:

| Count | On or About | Licensed Firearms Dealer | Firearm(s) |
|---|---|---|---|
| Eight | January 10, 2021 | Academy Sports, Greenville, North Carolina | Taurus 856 UL Revolver |
| Nine | April 29, 2021 | Mackey's Landing Marina, Jamesville, North Carolina | Glock Model 27 .40 |
| Ten | May 1, 2021 | Davenport Jewelry & Pawn, Williamston, North Carolina | Taurus Model 856 .38 caliber revolver |
| Eleven | May 11, 2021 | Academy Sports, Greenville, North Carolina | Taurus G2C Luger Pistol and Taurus 856 .38 Special Revolver |
| Twelve | May 14, 2021 | Academy Sports, Greenville, North Carolina | Century Arms TP9SF 9mm pistol and Stoeger STR-9 pistol |
| Thirteen | June 17, 2021 | Mackey's Landing Marina, Jamesville, North Carolina | Taurus, G2C 9mm, Glock, 17Gen3 9mm, and Glock 20SF Gen3 10mm |

Each of the above counts constituting a separate violation of Title 18, United States Code, Sections 922(a)(6) and 924.

### Count Fourteen

On or about July 31, 2021, in the Eastern District of North Carolina, JACINTRE HOLLEY, the defendant herein, did knowingly and intentionally possess with the intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Count Fifteen

On or about July 31, 2021, in the Eastern District of North Carolina, JACINTRE HOLLEY, the defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, as alleged in Count Fourteen of this Indictment, and that firearm was a machinegun, in violation of Title 18, United States Code, Section 924(c)(1)(B)(ii).

### Count Sixteen

On or about July 31, 2021, in the Eastern District of North Carolina, the defendant, JACINTRE HOLLEY, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed firearms, and the firearms were in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## Count Seventeen

On or about July 31, 2021, in the Eastern District of North Carolina, the defendant, JACINTRE HOLLEY, did knowingly possess a machinegun, knowing the firearm had the capacity to fire more than one round with a single action of the trigger, in violation of Title 18, United States Code, Sections 922(o) and 924.

[Remainder of page intentionally left blank]

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. , defendant at the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant --

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third person;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 3-15-2022

MICHAEL F. EASLEY, JR.
United States Attorney

By: /s/ Jake D. Pugh
JAKE D. PUGH
Assistant United States Attorney
Criminal Division