UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:22-CR-0019-1FL
NO. 4:22-CR-0019-4FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM AND NOTICE |
| KESHAWN SQUIRE | ) | OF AUTHORITY |
| JASNIKA CRAIG | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully submits this sentencing memorandum to highlight authority relevant to the sentencing of the above defendant's above.

For each of co-defendants Mr. Squire and Ms. Craig, the government has objected to the base offense level regarding the same legal issue. As currently calculated, the base offense levels fail to recognize that Squire and Craig had "reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person." USSG 2K2.1(a)(4)(B), (a)(6). This is due to an application of the rule that incorrectly equates "knowledge" with "reason to believe."

In the recent case *United States v. McKenzie*, the Sixth Circuit provided a detailed analysis of the "reason to believe" standard that supports its application here. 33 F.4th 343 (6th Cir. 2022). To start, "reason to believe" was meant "to expand the guideline's scope by covering more than just purchasers who act with 'intent' or

'knowledge.'" *Id.* at 348. Requiring knowledge would "render the phrase a nullity." *Id.* While "circuit courts have long debated whether this 'reason to believe' test is analogous to the traditional probable-cause test or to a lower standard such as reasonable suspicion," "no court has held that it requires something more than probable cause." *Id.*

Applying this basic rule to the 2K2.1 context, "[a] straw purchaser must know of facts that, at most, create a 'fair probability' that the buyer is a prohibited person." *Id.* at 349. As the court specifically notes, "[t]hat is not a 'high bar.'" *Id.* It requires courts to look at "the same 'common-sense' factors on which courts have long relied for probable-cause purposes." *Id.* For firearms transactions, examples of relevant factors include that the parties "transacted in secret," "the buyer agreed to substantial mark-up from market price," or that sellers did not inquire "why [the purchaser] wanted [the seller] to buy a gun." *Id.* at 349-50 ("Why else would a rational buyer agree to pay more than the market price? And here, Clark agreed to pay McKenzie a fee of $60 for the purchase, representing over a 10% markup from the $450 price."). And "just as with the probable-cause test, suspicious facts can create a sufficient reason to believe that the true buyer cannot lawfully possess a firearm even if those facts might have an 'innocent explanation' too. *Id.* at 351-52.

In this case, Squire and Craig sold large numbers of firearms to Holley (and sometimes others) in multiple transactions. The exchanges took place in a secretive manner, and Squire and Craig received large premiums, even up to double the cost of firearms. Neither Squire or Craig offered any innocent explanation for the unusual

2

method of transactions or the high premiums or indicated that they had asked any questions of Holley. Based on these and other circumstances, Squire and Craig were aware of a "fair probability" that their straw-purchased firearms went to prohibited people. The "reason to believe" standard is "not a high bar," and the facts of this case overwhelmingly surpass it.

For the foregoing reasons, this Court should sustain the government's objections to the defendants' base offense levels.

Respectfully submitted, this 13th day of February, 2023.

                            MICHAEL F. EASLEY, JR.
                            United States Attorney

By:   /s/ Jake D. Pugh
       JAKE D. PUGH
       Assistant U.S. Attorney
       Criminal Division
       150 Fayetteville St., Suite 2100
       Raleigh, NC 27601
       Phone: (919) 856-4530
       Email: jacob.pugh@usdoj.gov
       S.C. Bar No. 100859

# CERTIFICATE OF SERVICE

This is to certify that a copy of this notice has, this 13th day of February, 2023, been served upon the defendants by CM/ECF to the following counsel for the defendants:

    Kevin Marcilliat
    Attorney for Keshawn Squire

    Lauren Brennan
    Attorney for Jasnika Craig

                      MICHAEL F. EASLEY, JR.
                      United States Attorney

    By:   /s/ Jake D. Pugh
           JAKE D. PUGH
           Assistant U.S. Attorney
           Criminal Division
           150 Fayetteville St., Suite 2100
           Raleigh, NC 27601
           Phone: (919) 856-4530
           Email: jacob.pugh@usdoj.gov
           S.C. Bar No. 100859